**In re DANIEL T.**

Supreme Judicial Court of Maine.

Argued June 14, 1988.

Decided Aug. 4, 1988.

---

Seth Berner (orally), Portland, for appellant.

James E. Tierney, Atty. Gen., Christine Foster (orally), Asst. Atty. Gen., Dept. of Human Services, Portland, for appellee.

Before McKUSICK, C.J., and WATHEN, GLASSMAN, CLIFFORD and HORNBY, JJ.

HORNBY, Justice.

The issue here is whether the District Court can ever order the Department of Human Services to seek a court hearing before changing the foster care placement of a child in its custody. Although we expect it to be exercised rarely, we conclude that the District Court does have the power to include such a requirement under the Child and Family Services and Child Protection Act, 22 M.R.S.A. §§ 4001 *et seq.* (Supp.1987).

The Department sought a child protection order on behalf of Daniel T. in October of 1985. Because Daniel's father was in prison and unable to take custody, he did not object to the Department obtaining "full custody".[1] *Id.* at § 4037. A District Court order was entered accordingly in March of 1986, and the Department placed Daniel in a foster home. At a regularly scheduled review before the District Court in March of 1987, Daniel's father sought an order that the Department not change his son's foster care placement without provid-

ing him the opportunity for a court hearing, except in emergency situations.[2] The District Court denied the request on the grounds that it had no statutory authority to enter such an order. The Superior Court affirmed on the ground that no statute or constitutional provision entitled Daniel's father to relief. He has now appealed to this Court.

As part of its family reunification obligations for a child in its custody, the Department must, by statute, give "at least 7 days' advance written notice of a planned change of residence" if "practicable" and if not "detrimental to the best interests of the child." *Id.* at § 4041(1)(A)(2). That explicit notice requirement, the Department argues, is the limit of its obligation. Since the provision does not direct prior judicial review of a change of residence, the Department contends that the District Court is not permitted to add such a requirement. In addition, the statute directs the Department to care for a child in its custody in living arrangements "as appropriate to meet the child's individual needs." *Id.* at § 4061(1). The Department argues that because this provision assigns the Department, not the courts, the responsibility to make placement decisions, there can be no prior judicial review.

These arguments ignore the underlying and ongoing statutory role of the District Court under the Child and Family Services and Child Protection Act. This comprehensive statutory treatment of children in need of special care does give the Department extensive power to fulfill its statutory duty to protect neglected children and, wherever possible, preserve family life. *Id.* at § 4004(2). But it gives the District Court the final say on removing a child from its home and placing it with a new custodian such as the Department. *Id.* at §§ 4031, 4036, 4038. Although the Department

---

1. Full custody is not the same as termination of parental rights; its scope is limited to the terms of the court order and does not, for example, "include the right to initiate adoption proceedings without parental consent...." 22 M.R.S.A. § 4037.

2. Obviously, sudden unavailability of the child's foster home, threats of child abuse or other imminent danger may require an immediate transfer without the opportunity of prior review.

makes decisions concerning where a child in its custody should live, a child's parent may seek and obtain judicial review. *Id.* § 4038(2). Moreover, the court must review each case at least once within 18 months of the final protection order and at least every two years thereafter. *Id.* at § 4038(1). These reviews are broad. They include consideration of the rationale for the original decision, subsequent events, the parties' efforts toward rehabilitation and reunification, and the effect of a change in custody. *Id.* at § 4038(5). Clearly, therefore, Department decisions concerning placement are open to review. Indeed, a parent could seek an emergency hearing prior to a change in placement during the seven days' advance notice mandated by the statute.

The issue, then, is not whether there will be review, but whether the review can occur prior to the change in placement. And contrary to the Department's position, the issue is not whether prior review should occur in all cases, but only whether a District Court can *ever* decide, within the sound exercise of its discretion, that such a review is desirable.

When the District Court enters a final protection order, it is directed to consider four principles: protection of the child from jeopardy to health or welfare; custody to the parent if conditions can be made appropriate; the best interests of the child; and termination of Department custody at the earliest possible time. *Id.* § 4036(2). It may then select one or more of nine specifically enumerated options, such as no change in custody, continued custody with the family subject to Department supervision, and transfer of custody to another person or the Department. *Id.* at § 4036(1).[3] But the statute explicitly au-

thorizes the District Court to impose "[o]ther specific conditions governing custody," *Id.* at § 4036(1)(H). This grant of a general residual authority to add conditions other than those specifically enumerated demonstrates a legislative recognition that the lawmakers could not foresee every eventuality. Instead, they articulated the principles to guide the District Court and then assigned it discretion to devise a protection order that would best fulfill the statutory purposes. Nothing in the statute prohibits the court from requiring review before a change in placement if that requirement would best achieve those purposes.

Requiring a hearing prior to changing Daniel's placement may or may not be desirable. The District Court, concluding that it lacked authority, never reached the issue. We hold only that it was within the District Court's power, in the sound exercise of its discretion, to add such a condition in implementing the statutory principles.[4] Because we remand for consideration of whether such a requirement is advisable, we do not reach the argument that notice and a hearing are always constitutionally required prior to a change in placement.

The entry is:

Judgment vacated.

Case remanded to the District Court for further proceedings consistent with this opinion.

All concurring.

---

**3.** In giving the Department custody of Daniel, the District Court selected part of the sixth statutory option, "Removal of the child from his custodian and granting custody to a noncustodial parent, other person or the department." *Id.* at § 4036(1)(F).

**4.** It is not entirely clear that the Department disagrees with this conclusion. At one point, its

brief states: "Were there a particular problem alleged with respect to the facts of a past or impending placement of Appellant's child, Appellant might have an argument that subsection 4036(1)(H) empowers the court to fashion a particular dispositional condition such as that which Appellant requests here."